J-S42019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ONEIL A. CHERRINGTON | |
| Appellant | No. 2035 MDA 2016 |

Appeal from the Order Entered January 6, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0002889-2011

BEFORE:  OLSON, J., MOULTON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MOULTON, J.:                **FILED SEPTEMBER 01, 2017**

Oneil A. Cherrington appeals, *pro se*, from the January 6, 2017 order entered in the Luzerne County Court of Common Pleas dismissing his petition filed under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46. We affirm.

On April 19, 2012, Cherrington pled guilty to carrying a firearm without a license and disorderly conduct (create hazardous or physically offensive condition).[1]  That same day, the trial court sentenced Cherrington to time served to 6 months' incarceration for the firearm conviction, on which the trial court granted him immediate parole, and a concurrent 6 months' probation for the disorderly conduct conviction.

---

[1] 18 Pa.C.S. §§ 6106(a)(2) and 5503(a)(4), respectively.

On January 6, 2016, Cherrington filed a petition to reopen case, set aside conviction, and dismiss charges due to ineffective assistance of counsel, unlawful procedures, and insufficient evidence.[2] Treating this petition as a first PCRA petition, the PCRA court appointed counsel. On August 8, 2016, counsel filed a motion to withdraw and a ***Turner***/***Finley***[3] "no-merit" letter, which counsel served on the court and Cherrington. On August 15, 2016, the PCRA court issued a notice of intent to dismiss PCRA petition pursuant to Pennsylvania Rule of Criminal Procedure 907 and granted counsel's motion to withdraw.

On December 12, 2016, Cherrington, acting *pro se*, filed a notice of appeal[4] and a petition for a writ of *coram nobis*, asserting ineffective

---

[2] On August 15, 2016, the PCRA court determined that Cherrington's January 6, 2016 petition had not been filed with Clerk of Courts and ordered the petition to be filed and docketed. In its opinion, the PCRA court concluded that Cherrington's petition was filed on January 6, 2016 under the prisoner mailbox rule. Trial Ct. Op., 4/20/17, at 2 n.1. We agree. **See Commonwealth v. Little**, 716 A.2d 1287, 1289 (Pa.Super. 1998) (holding that prisoner mailbox rule applies to PCRA petitions).

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[4] On January 5, 2017, this Court issued a rule upon Cherrington to show cause as to why his appeal should not be quashed as having been taken from a purported order which is not entered upon the docket of the trial court. On January 27, 2017, we discharged this rule, noting that the trial court docket reflects a January 6, 2017 entry of an order dismissing both of Cherrington's petitions. Based on the PCRA court's later entry of an order dismissing the January 6, 2016 petition, we accept Cherrington's premature appeal as timely filed on January 6, 2017. **See Commonwealth v. Schwartzfager**, 59 A.3d 616, 617-18 (Pa.Super. 2012) (allowing appeal
*(Footnote Continued Next Page)*

assistance of plea counsel. On January 4, 2017, the PCRA court dismissed Cherrington's January 6, 2016 and December 12, 2016 petitions, concluding that he is ineligible for PCRA relief.

Although Cherrington's brief does not include a statement of questions involved, we are able to discern the following issues:[5] (1) whether the PCRA

_____

*(Footnote Continued)* _____

where petitioner filed notice of appeal after Rule 907 notice but before entry of final order denying PCRA relief).

[5] Cherrington has failed to comply with the Pennsylvania Rules of Appellate Procedure in several respects. Cherrington's brief contains none of the required sections except an argument section, which he titled "procedural posture." Further, Cherrington's arguments are disjointed and fail to show where in the record he preserved these issues for appeal. **See** Pa.R.A.P. 2119(b), (c). "Although Pennsylvania courts endeavor to be fair to *pro se* litigants in light of the challenges they face conforming to practices with which attorneys are far more familiar, [we] nonetheless long have recognized that we must demand that *pro se* litigants comply substantially with our rules of procedure." **Commonwealth v. Spuck**, 86 A.3d 870, 874 (Pa.Super. 2014) (internal citation omitted). Further, "'[t]his Court will not act as counsel' for an appellant who has not substantially complied with our rules." **Id.** (quoting **Bombar v. W. Am. Ins. Co.**, 932 A.2d 78, 93 (Pa.Super. 2007)).

Based on Cherrington's failure to adhere to the Rules of Appellate Procedure, this Court has the right to quash or dismiss the appeal. **See** Pa.R.A.P. 2101 (noting that parties appearing before this Court "shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit . . . and, if the defects are in the brief or reproduced record of the appellant and are substantial," we may quash or dismiss the appeal). However, "in the interest of justice we address the arguments that can reasonably be discerned from this defective brief." **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa.Super. 2003).

court erred in dismissing his petitions and (2) whether the PCRA court erred in construing his petition for a writ of *coram nobis* as a PCRA petition.

Preliminarily, we conclude that the PCRA court correctly treated Cherrington's December 12, 2016 *coram nobis* petition as a PCRA petition, but should not have accepted it. The PCRA "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist . . . , including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542. Further, a "claim of ineffective assistance of plea counsel, which is based on counsel's failure to advise him of the collateral consequences of his plea, [is] cognizable under the PCRA." ***Commonwealth v. Descardes***, 136 A.3d 493, 501 (Pa. 2016).

However, Cherrington filed a "notice of appeal" with regard to his first PCRA petition simultaneously with his *coram nobis* petition. "[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." ***Commonwealth v. Lark***, 746 A.2d 585, 588 (Pa. 2000). Thus, after Cherrington filed his notice of appeal, he was barred from filing a second PCRA petition until the appeal was resolved. Therefore, the trial court erred in accepting the December 12,

2016 petition,[6] and we will only consider the PCRA court's dismissal of Cherrington's January 6, 2016 PCRA petition.

"Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011). The PCRA court dismissed Cherrington's petition because Cherrington was no longer serving a sentence of imprisonment, probation, or parole, thereby rendering him ineligible for PCRA relief.

We agree with the trial court's determination that Cherrington was ineligible for PCRA relief,[7] but we are constrained to conclude that the PCRA

_____

[6] We recognize that, in some circumstances, a subsequent PCRA petition may be construed as an amendment to the initial PCRA petition. However, PCRA petitioners "may not automatically 'amend' their PCRA petitions via responsive pleadings"; rather, under Pennsylvania Rule of Criminal Procedure 905, "leave to amend [a PCRA petition] must be sought and obtained." *Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014). Here, Cherrington did not seek leave to amend his January 6, 2016 PCRA petition. Therefore, we will not treat Cherrington's *coram nobis* petition as an amendment to his first PCRA petition.

[7] Under the PCRA, a petitioner is only eligible for relief if the petitioner is:

   (i)    currently serving a sentence of imprisonment, probation or parole for the crime;

   (ii)   awaiting execution of a sentence of death for the crime; or

*(Footnote Continued Next Page)*

court lacked jurisdiction to consider the petition because Cherrington's petition was untimely filed. It is well settled that "the timeliness of a PCRA petition is a jurisdictional requisite." ***Commonwealth v. Brown***, 111 A.3d 171, 175 (Pa.Super.), *app. denied*, 125 A.3d 1197 (Pa. 2015). A PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking [] review." 42 Pa.C.S. § 9545(b)(3).

Cherrington's judgment of sentence became final on May 21, 2012, when his time to seek review in this Court expired.[8] He had one year from that date, or until May 21, 2013, to file a timely PCRA petition. Therefore, his current petition, filed on January 6, 2016, is facially untimely.

*(Footnote Continued)* ―――――――――

> (iii)   serving a sentence which must expire before the person may commence serving the disputed sentence.

42 Pa.C.S. § 9543(a)(1)(i)-(iii). Because Cherrington was sentenced to a maximum period of 6 months' incarceration with a concurrent period of 6 months' probation, the trial court properly determined that Cherrington was no longer serving a sentence under section 9543(a)(1)(i) of the PCRA.

[8] Cherrington had 30 days from his judgment of sentence to file a notice of appeal with this Court. ***See*** Pa.R.A.P. 903(a). Because the thirtieth day, May 19, 2012, was a Saturday, Cherrington had until the next business day, May 21, 2012, to file his notice of appeal. ***See*** 1 Pa.C.S. § 1908.

- 6 -

Courts may consider a PCRA petition filed more than one year after a judgment of sentence became final only if the petitioner alleges and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii); *see Brown*, 111 A.3d at 175-76. In addition, when invoking an exception to the PCRA time bar, the petition must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Cherrington's petition neither pled nor proved a time-bar exception. Cherrington instead argues, for the first time on appeal, that *Padilla v. Kentucky*, 559 U.S. 356 (2010), created a new rule of law that applies retroactively to his case. We disagree.

First, the United States Supreme Court decided *Padilla* in 2010, and Cherrington was convicted in 2012; therefore, *Padilla* could not apply retroactively to Cherrington's case. Second, even if Cherrington had been convicted before *Padilla* was decided, it is well settled that "*Padilla* did not

recognize a new 'constitutional right' as envisioned by our Legislature in enacting [s]ubsection 9545(b)(1)(iii)." **Commonwealth v. Garcia**, 23 A.3d 1059, 1064 (Pa.Super. 2011). Because Cherrington has neither pled nor proven a time-bar exception, the trial court's dismissal of his petition was proper.

Order affirmed.

Judge Olson and President Judge Emeritus Ford Elliott concur in the result

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2017